HEARD NOVEMBER TERM, 1874.

## LYNCH *vs.* GOODWIN.

An agreement to refer a pending action to arbitration, which does not name the arbitrators nor provide for their number or manner of appointment, cannot be pleaded by the defendant as a discontinuance of the action after the death of the plaintiff, by whose administratrix it had been revived.

BEFORE COOKE, J., AT GREENVILLE, SEPTEMBER TERM, 1874.

This was an action by William Lynch, plaintiff, against John H. Goodwin, defendant, commenced July 10th, 1872, to recover the amount due on a single bill.

On the 30th of August, 1873, the plaintiff and defendant signed an agreement in the following words: "We, the undersigned litigants, have mutually agreed to submit our case, (*William Lynch* vs. *John H. Goodwin,*) now pending, for arbitration." Shortly after the agreement was made the plaintiff died, and Martha Lynch, his widow, sued out letters of administration on his estate. She refused to abide by the agreement, and, by order of the Court, continued the action. The defendant then filed a plea *puis darrein continuance,*

Columbia, November, 1874.

in which he stated the agreement, and demanded judgment of discontinuance, and that the case be submitted to arbitration.

His Honor overruled the plea and the defendant appealed.

*Earle & Wells*, for appellant.

*Sullivan & Stokes*, contra.

April 23, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. It might be enough to say that the agreement of August 30, 1873, "to submit the case to arbitration," did not amount to an actual submission, and this alone would dispose of the appeal. An arbitration is the submission of the matter in dispute to the judgment of one or more persons named. If they are not designated, it is no submission.—Billings on Awards, 39; Russell on Arbitrations and Awards, 65. Here no persons are designated as Referees, nor was the manner of their appointment fixed by the agreement. The original parties were not bound by it, for it was not in such a shape as to put it in the power of the one to compel its performance by the other. The interest to be concluded by the decision of the Referees must appear in a submission.—Russell on Arbitration, 49. If an agreement of the kind before us could operate as a discontinuance of the action, it must be because, by the will and consent of the parties, another tribunal for the determination of the issues which it involves has been substituted.

But the agreement here did not name the persons who were to act as Referees, and in no way provided either for their number, appointment, or even their selection. It could not, therefore, bind the personal representatives of either of the parties who may have died before further action under it, because it contained no terms or conditions for the breach of which an action could have been maintained against the surviving party. We do not see how an agreement can operate as a discontinuance of a pending action when no stipulation to that effect is contained in it, nor by the widest implication can be inferred from it. The authorities all agree that if either of two parties to a submission die before the award is made, the power of the arbitration is gone.

That, however, is not the precise question here. As we have said, it is whether the agreement of itself discontinues the action, and,

in our judgment, it does not. By Section 144 of the Code, the action did not abate by the death of the plaintiff's intestate, and was continued in proper time and mode by the proceeding on the part of the administratrix.

The motion is dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.